784

**In re CARBURETOR CORPORATION.**

No. 48598.

United States District Court
E. D. New York.

July 7, 1950.

See also 91 F.Supp. 782.

James G. Moore, Garden City, N. Y., attorney for petitioner Engine Air Service, Inc., appearing specially, (Joseph H. Wackerman, Brooklyn, N. Y., and Emerson A. Swartz, Floral Park, N. Y., of counsel).

Max Schwartz, Brooklyn, N. Y., attorney for trustee (opposed).

Reich, Peller & Devaney, New York City, attorneys for Union Factors Corporation (A. Alan Reich, New York City, of counsel).

BYERS, District Judge.

This is a petition to review a Referee's order granting a motion by the Trustee joining Engine Air Service, Inc., as a party respondent to a "proceeding instituted" by a chattel mortgagee for leave to foreclose two such mortgages executed by the bankrupt.

The entire situation as depicted in the papers embraced in the certificate of review, and as argued in the briefs (including the reference to different "proceedings") is not conspicuously clear.

Why the mortgagee needed to petition for leave to foreclose does not appear, since the petition of March 22, 1950, for that relief is not in the papers; perhaps it was because the mortgages were dated, respectively, on December 23, 1949, and January 12, 1950, and bankruptcy was adjudged April 20, 1950, as of February 24, 1950, following the failure of a Chapter XI proceeding initiated by petition filed that day.

In any case the Trustee's petition to bring Engine Air Service, Inc., in, recites

that on March 22, 1950, the Referee granted an order permitting the mortgagee (Union Factors Corporation) to proceed with the foreclosure of the said two chattel mortgages; and that since then he "has instituted proceedings (i. e. a turn-over?) against Engine Air Service" and four individuals "to adjudge Engine Air Service, Inc., to be but an agency, division and part of the bankrupt herein and further adjudicating that title to all of the property, assets and effects claimed by Engine Air Service, Inc., * * * be vested in * * the bankrupt herein, from and after May 4, 1949, and for such other relief * * *."

It is because of that proceeding that the Trustee believes that the Engine Air Service, Inc., and the four individuals should be made respondents "in the *proceeding* (i. e. leave to foreclose) instituted by Union Factors Corporation".

Thus is attention invited to the Petition and Answer in the said proceeding initiated by the Trustee, filed as part of the Certificate.

It should be said that the Referee denied the motion as to the individuals, but granted it as to Engine Air Service, Inc.

The situation portrayed in the pleadings referred to is complex and will require a full exploration of intercorporate relationships and proceedings, as well as changes in stock-holdings at critical times, etc. The answer to that petition challenges the jurisdiction of the Referee to entertain the controversy in a summary proceeding at all; and since the appearance is special "and for the purpose of testing the Court's jurisdiction" it is manifest that the presence of those voluminous pleadings, in connection generally with this motion, can neither add to nor subtract from the legal capacity of the Referee to grant this motion, since the legal status of the attempted summary proceeding remains undetermined.

That understanding will dispose of the contention which seems to be made (although perhaps I have failed to grasp what is actually being urged), that anything in the nature of *res judicata* can be predicated of the Referee's present order.

It is the more necessary to be clear about this, since the question of whether the bankrupt on January 12, 1950, was in possession of the leased property and inventory (referred to in the separate defenses forming part of the Answer) so as to support the Trustee's resort to a summary proceeding, apparently is in issue, and hence cannot be assumed for any purpose.

The order is also under attack for the reason that the Engine Air Service, Inc., is said not to be subject to the Third Party requisitioning provided for in Federal Rules of Civil Procedure, rule 14, 28 U.S.C.A., in that it is not liable *to the Trustee* for all or part of Union Factors Corporation's claim which is the basis of the latter's desire to foreclose the chattel mortgages. Textually speaking, this would seem to be so, although I should hesitate to adopt so narrow an interpretation in a situation such as this, where it is highly desirable to resolve conflicting claims to the same property in one litigation if that be possible. This does not mean, however, that all the issues apparently raised in Petition and Answer to which reference has been made, can be tried out as a by-product of the foreclosure of the chattel mortgages.

I find nothing in the record made before the Referee, or in the Certificate on review, to indicate clearly the issues in connection with the foreclosure which Engine Air Service, Inc., is called upon to meet.

It seems to me that the order should be specific in that respect, and if so much is deemed to be impossible of formulation until the matters arising in connection with the attempted summary proceeding shall have been finally determined, then it would follow that the order under review is premature.

Since in any case the present order will have to be reconsidered, the Petition to review will be sustained, and the record will be referred back for appropriate attention and the taking of additional testimony if the Referee so directs.

Whatever the outcome of further consideration by the Referee, his order should indicate that the attempted turn-over, and the leave to foreclose the chattel mortgages, are separate matters, and that if Engine Air Service, Inc., is deemed to be a necessary party for mention in the order permitting the foreclosure to proceed, it is only because of the allegations contained in the pleadings filed in the attempted turn-over, and that such inclusion is entirely without prejudice to the rights of Engine Air Service, Inc., to contest the turn-over jurisdiction, and each and every issue of law or fact arising therein.

Settle order sustaining Petition to review in accordance with the foregoing.